[L. A. No. 15571.   In Bank.—October 14, 1938.]

ROSE M. KNABEL, Plaintiff, v. MARY L. BAKER et al., Defendants; W. C. DALZELL, Appellant; FLOYD G. BAKER et al., Cross-Defendants and Respondents.

W. C. Dalzell, *in pro. per.*, for Appellant.

Porter C. Blackburn for Respondents.

THE COURT.—In this action to compel foreclosure of a deed of trust given to secure a $2,000 promissory note, W. C. Dalzell appeared as a defendant, as cross-complainant, and also as counsel for himself and defendant Mary Louise Baker. Upon trial of the cause the court entered judgment in favor of plaintiff. W. C. Dalzell filed notice of appeal on behalf of himself and Mary Louise Baker. Thereafter Mary Louise Baker substituted A. Benjamin as her attorney in the place and stead of W. C. Dalzell, who was no longer practicing law before the bar of this state, and upon the stipulation of Mary Louise Baker and her new counsel, the court dismissed her appeal. This left only the appeal of W. C. Dalzell. Plaintiff now moves to dismiss that appeal or to affirm the judgment.

The appeal does not present any substantial question. Appellant, by his cross-complaint, asserted an interest in the note and trust deed, claiming that they had been pledged to him by cross-defendants Floyd and Josephine G. Baker to secure payment of his reasonable fee for defending their son Robert Baker, husband of Mary Louise, in a pending criminal action; and that $1,000, the reasonable value of his services in said matter was owing and unpaid. The trial court found that it was not true that cross-defendants had pledged the note and trust deed to appellant to secure payment of his fee; therefore, it decreed that appellant take nothing by his cross-complaint except costs, taxed at $33.45. But the court did incorporate the following provision in the decree: ''This Judgment is without prejudice to a new proceeding by cross-complainant against cross-defendants Floyd G. Baker & Josephine G. Baker for attorney fees.''

Appellant contends that the evidence established his claim to the note and trust deed and that the trial court erred in finding otherwise. Such a contention cannot be sustained. Although the evidence is not entirely free from conflict, it nevertheless affords ample support for the findings and judgment. This conclusion disposes of the appeal. There are no other questions which require discussion.

The judgment is affirmed.